# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHON BOONE,** | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 15-2733 |
| | : | |
| **ROBERT GILMORE,** | : | |
| Respondent. | : | |

## ORDER

**AND NOW**, this 19th day of December, 2017, upon consideration of "Petitioner's Standard Form Writ of Habeas Corpus in Compliance With Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254" (Doc. No. 1), "Amended 2254 Petition" (Doc. No. 6), "Response to the Petition for Writ of Habeas Corpus" (Doc. No. 21), the Report and Recommendation issued by Magistrate Judge Linda K. Caracappa (Doc. No. 22), "Objections to Report and Recommendation" (Doc. No. 28) and "Response to Petitioner's Objections to the Magistrate Judge's Report and Recommendation" (Doc. No. 29), I find as follows:

1. Following a bench trial on May 15, 2007, Petitioner was convicted of second-degree murder, robbery, criminal conspiracy, and possessing an instrument of crime. On July 10, 2007, petitioner was sentenced to life in prison for second degree murder and a concurrent term of twenty two and one-half years for the other charges. On appeal, the Pennsylvania Supreme Court vacated Petitioner's robbery conviction. Petitioner's sentence and other convictions were not disturbed. (Report pp. 1-3.)

2. Following the denial of a petition brought under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq., Petitioner filed the instant, counseled habeas petition on May 12, 2015, raising three grounds for relief:

1. Petitioner's second-degree murder, robbery, and conspiracy convictions are invalid, because they are premised on a knowingly false and fabricated statement made by Monique Bell in violation of due process and fundamental fairness principles and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution;

2. Based on pre-trial evidence trial counsel developed, received, and reviewed, petitioner's second-degree murder, robbery, and conspiracy convictions are invalid under the Sixth Amendment to the United States Constitution, because trial counsel provided objectively unreasonable advice when he advised petitioner to reject three favorable plea deals; and

3. Petitioner's convictions are invalid under the Sixth Amendment to the United States Constitution, because trial counsel failed to investigate, develop, and present readily accessible evidence supporting petitioner's self-defense claim.

(See Habeas Pet. ¶¶ 13-15.)

3. On December 15, 2015, petitioner filed a counseled amended habeas petition raising one additional ground for relief (the fourth claim):

4. PCRA counsel was ineffective for not incorporating Izaiya Davis's June 21, 2012 affidavit into petitioner's PCRA petition; petitioner's continued incarceration is unconstitutional because his convictions are predicated on what M[r]. Davis' affidavit has proven to be fundamentally unreliable testimony from Joseph Jackson and Aisha McCray, in violation of petitioner's due process rights and the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

(See Am. Habeas Pet. ¶ 107.)

4. On February 28, 2017, Magistrate Judge Linda K. Caracappa filed a Report and Recommendation which recommended that Petitioner's habeas petitions be dismissed.

5. Petitioner failed to object to the Report and Recommendation within the applicable deadline. On March 20, 2017, I issued an Order adopting the Report and Recommendation and dismissing the habeas petition.

6. On March 22, 2017, Petitioner's counsel filed a motion requesting that the March 20, 2017 Order be vacated and that Petitioner's right to file objections be "reinstated." According to counsel, on March 3, 2017, he sent Petitioner a copy of the Report and Recommendation and a letter asking Petitioner whether he wanted to file objections. When counsel did not hear from Petitioner, counsel assumed that Petitioner "no longer wished to litigate his federal petition" and decided not to file objections to the Report and Recommendation. Counsel explains that he sent the March 3, 2017 letter to SCI-Coal Township but, on March 22, 2017, learned Petitioner had been transferred to SCI-Greene. Given the nature of the proceedings and Petitioner's prompt filing, I granted his request to file objections.

7. Petitioner then filed objections to the Report and Recommendation and Respondents filed a response thereto. For the reasons that follow, the objections will be overruled and the Report and Recommendation will be adopted.

## LEGAL STANDARDS

8. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C), Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

9. Petitioner objects to the Report and Recommendation's "rejection of his trial counsel ineffectiveness claim, after-discovered evidence claim, and due process claims all of which

are partially or completely based on the statement Izaiya Davis provided to Mr. Boone's family in June 2012, who in turn provided it to PCRA counsel months before the PCRA court dismissed Mr. Boone's PCRA petition." (Objs. p. 1.) Petitioner's reference to the "ineffectiveness claim" appears to correspond to Claim 3 (alleged trial counsel ineffectiveness for failure to investigate Petitioner's self-defense claim). The "after-discovered evidence claim" and the "due process claim" appear to correspond to Claim 4 (alleged PCRA counsel ineffectiveness for not incorporating Mr. Davis' affidavit into Petitioner's PCRA petition and a due process claim predicated on Mr. Davis' affidavit).

10. Petitioner did not object to the Report and Recommendation's analysis of Claims 1 and 2.

Claim 3 – Trial Counsel Ineffectiveness

11. Magistrate Judge Caracappa recommended that Claim 3 be dismissed as procedurally defaulted or, alternatively, denied on the merits.

12. In his objections, Petitioner states that his trial counsel ineffectiveness claim (Claim 3) is "based, in part, on trial counsel's failure to adequately investigate Mr. Boone's case and to find Izaiya Davis and obtain a statement from him. . . ." (Objs. p. 2.) I agree with Respondents that Petitioner's description of Claim 3 is inaccurate and that the "trial counsel ineffectiveness claim was presented in both state and federal courts exclusively on the basis of trial counsel's failure to call – [two other individuals,] Jamella Best and Ernest Murphy." (Resp. to Objs. p. 3.)[1]

---

[1] In fact, in the amended petition, Petitioner states "trial counsel did not know of Izaiya Davis and could not have been reasonably expected to know of her, find her, and interview her, the facts in Ms. Davis's affidavit could not support a state or federal trial counsel ineffectiveness claim. . . [W]ith no viable trial counsel ineffectiveness claim, the only viable claims that could have been based on Ms. Davis's affidavit were newly-or after-discovered evidence state and federal claims." (Am. Pet. ¶ 108a-b.)

13. Petitioner acknowledges that Claim 3 is procedurally defaulted but argues that the default should be excused under Martinez v. Ryan, 566 U.S. 1 (2012).[2] However, as noted above, Claim 3 was limited to trial counsel's failure to call Jamella Best and Ernest Murphy. It is unclear how PCRA counsel's failure to present the affidavit of a third witness—Mr. Davis—would have any connection or relevance to the trial counsel ineffectiveness claim actually before me. As such, Petitioner's objection to the recommendation that Claim 3 be dismissed as procedurally defaulted is sustained.

14. Additionally, Petitioner does not respond to the Report and Recommendation's analysis of the merits of the trial counsel ineffectiveness claim. For the reasons set forth in the Report and Recommendation, I also agree that Claim 3 fails on the merits.

Claim 4 – PCRA Counsel Ineffectiveness/Due Process

15. Magistrate Judge Caracappa recommended that Claim 4 be dismissed as time barred. Although Petitioner purports to object to the proposed disposition of Claim 4, he does not dispute the conclusion that the claim is time barred. For the reasons set forth in the Report and Recommendation, I agree that Claim 4 is time barred. I also note that the fact that Petitioner requested and received an extension of time to amend his original habeas petition does not change this ultimate conclusion that the claim is time barred or the underlying analysis. Mayle v. Felix, 545 U.S. 644 (2005) (holding that for new claims in an amended habeas petition to relate back to the original petition, the claims must arise from the same core of facts as the timely-filed claims, not simply from the same state trial and conviction).

---

[2] In Martinez, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at 17.

16. Aside from the timeliness issue, Claim 4 may also be non-cognizable. Claim 4 is somewhat confusingly articulated as it references both PCRA counsel ineffectiveness and due process. To the extent that Petitioner intended to pursue a standalone claim that PCRA counsel was ineffective for failing to present Mr. Davis's affidavit to the PCRA court, that claim is non-cognizable. See 28 U.S.C. § 2254 ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").

17. To the extent Petitioner intended to present Claim 4 as a due process claim and invoked PCRA counsel's supposed ineffectiveness not as a standalone claim, but as a basis for excusing the procedural default of his due process claim under Martinez v. Ryan, Claim 4 is procedurally defaulted.[3] In Martinez, the Supreme Court recognized a narrow exception to the procedural default rule and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Martinez, 566 U.S. at 9. It held that, in those situations, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if" the default results from the ineffective assistance of the prisoner's counsel in the collateral proceeding. Id. at 17. Martinez, however, is "highly circumscribed," Davila v. Davis, 137 S. Ct. 2058, 2063 (2017), and applies only to situations where PCRA counsel failed to raise issues of trial counsel's alleged ineffectiveness, not where PCRA counsel failed to raise other issues, such as due process claims, that were never raised on direct appeal. See Boyd v. Rozum, No. 08-0012, 2012 WL 3595301, at *2 (W.D. Pa. Aug. 21, 2012) (holding that because petitioner

---

[3] Petitioner correctly acknowledges that, to the extent that his due process claim is predicated on Mr. Davis' affidavit, that claim is procedurally defaulted. (See Am. Pet. ¶ 8.)

advanced double jeopardy and due process claims, "[p]etitioner's argument (if any) regarding the Martinez case would not be an appropriate manner by which to overcome the procedural default"); Butler v. Collins, No. 11-2170, 2014 WL 7272503, at *12 (M.D. Pa. Dec. 18, 2014) ("Martinez does not apply to the substantive due process claims Petitioner first seeks to raise in the pending habeas corpus petition . . . the Martinez holding only applies to ineffective assistance of trial counsel claims."). Therefore, in addition to the timeliness grounds as articulated in the Report and Recommendation, Claim 4 is also non-cognizable or procedurally defaulted.

**WHEREFORE**, it is hereby **ORDERED** that:

1. Petitioner's objections (Doc. No. 28) are **OVERRULED**;

2. The Report and Recommendation (Doc. No. 22) is **APPROVED** and **ADOPTED**;

3. The Petitions for Writ of Habeas Corpus are **DENIED** with prejudice and **DISMISSED** without a hearing;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is directed to mark this case **CLOSED**.

        **BY THE COURT:**

        **/s/ Mitchell S. Goldberg**
        _____
        **Mitchell S. Goldberg,       J.**